## No. 11,521.

### DAVIS, AUDITOR *v.* MORLEY.

Decided March 8, 1926.

Action in mandamus.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  STATES—*Boards—Employes—Findings.*   By section 1072, C. L. '21, the state board of health has power to appoint necessary employes for the state detention home.   In an action to compel the issuance of salary warrants to the purchasing agent of the home, the findings of the court being general, and for the plaintiff, the reviewing court will presume that the appointment of a purchasing agent was necessary.

2.       *Boards—Appointments.*   Authority being conferred on a state board to make appointments, motive or intent in making such appointments is irrelevant.

3.       *Employes—Salaries—Appropriation.*   An appropriation for the "support and maintenance" of a state institution is an appropriation for the payment of salaries of the employes thereof.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for plaintiff in error.

Mr. A. R. MORRISON, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE district court awarded a peremptory writ of mandamus that the auditor issue to Morley, plaintiff below,

warrants for his salary as purchasing agent for the state detention home from May 1 to October 1, 1925. The auditor brings error and moves for supersedeas. We can see no ground for a supersedeas.

The state board of health has control of the state detention home and by C. L. §§ 1072, and 1073, has power to appoint "such   *   *   *   employes as may be necessary to properly conduct said home   *   *   *" at an agreed salary. The findings of the court were general for the plaintiff, therefore we must take it to have been necessary to appoint a purchasing agent. The amount of the salary is not questioned. It follows that the judgment below is correct.

The attorney general, for the auditor, however, says that the appointment was a mere subterfuge to avoid the purpose of the executive, because Morley was secretary for the state board of health, and meanwhile, without extra pay, acted as purchasing agent for the home; that his excellency, the Governor, vetoed the appropriation for payment of his salary, and that thereupon the board appointed Morley purchasing agent and required him still to perform some of the duties of the secretary of the board, and that this was a mere subterfuge and therefore void. We cannot say so. The real question is: Had the board power to appoint? Their motive or intent is irrelevant; but, waiving that, we cannot impute to the Governor the intent to deprive the home of a necessary employe, and it follows that if one was necessary his employment could not be a subterfuge to avoid the veto; the court has found that a purchasing agent was necessary; we must conclude that the appointment was not a subterfuge but was lawful. There is an appropriation to pay the salary, i. e., for "support and maintenance" of the home; then the auditor must issue the warrants.

We regret that there is in the briefs something which we cannot interpret otherwise than as an attack on the motives of the executive. There is nothing in the record

to justify it or to lead to even suspicion and it does not aid us in reaching a right conclusion.

Supersedeas denied and judgment affirmed.